**THE LAW OFFICES OF JOHN L. BURRIS**
JOHN L. BURRIS, Esq. (SBN 69888)
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile:  (510) 839-3882
john.burris@johnburrislaw.com

**THE LAW OFFICES OF JOHN L. BURRIS**
DeWITT M. LACY, Esq. (SBN 258789)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070
Facsimile:  (510) 839-3882
dewitt.lacy@johnburrislaw.com

Attorneys for Plaintiff(s)
Ron Ely, Kirsten Ely, and Kaitland Ely-Sweet

## UNITED STATE DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON ELY, an individual by Guardian Ad Litem KIRSTEN ELY, as successor-in-interest to Decedents CAMERON ELY and VALERIE LUNDEEN ELY; and KAITLAND ELY-SWEET, an individual, as successor in interest to Decedent VALERIE LUNDEEN ELY, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF SANTA BARBARA, a municipal corporation; DESIREE THOME, individually and in her official capacity as a sergeant for the Santa Barbara County Sheriff's Department; JEREMY ROGERS, | Case No.: <br><br> **COMPLAINT FOR DAMAGES** <br><br> 42 U.S.C. § 1983: Fourth and Fourteenth Amendment <br> 42 U.S.C. § 1985: Conspiracy to Violate Civil Rights <br> Cal. Civ. Code § 52.1 <br> Pendent Tort Claims <br><br> **JURY TRIAL DEMANDED** |

**The Law Offices of John L. Burris**
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

individually and in his official
capacity as a deputy for the Santa
Barbara County Sheriff's
Department; PHILLIP FARLEY,
individually and in his capacity as a
deputy for the Santa Barbara County
Sheriff's Department; JOHN
GRUTTADUARIO, individually and
in his official capacity as a deputy for
the Santa Barbara County Sheriff's
Department; and DOES 1 through 50,
inclusive, individually, and in their
official capacity as agents for the
Santa Barbara County Sheriff's
Department,

            Defendants.

## INTRODUCTION

1.     This civil rights case arises out of the wrongful deaths of Decedents Cameron Ely and Valerie Lundeen Ely.

2.     On the evening of October 15, 2019, Decedent Cameron Ely called in a request for emergency services related to an altercation at the family's home. Despite the call being related to a possible attack, emergency medical personnel were not dispatched with the Sheriff's deputies. Upon arrival, deputies found Mrs. Ely on the floor suffering from several stab wounds. Despite the obvious need for medical care, deputies not only failed to immediately summon medical aid but actively denied medical personnel access to her when they did arrive on the scene. Mrs. Ely died before she was provided any medical treatment whatsoever.

3.     Approximately an hour and half later, deputies contacted Decedent Cameron Ely outside the home where Mrs. Ely was found. Despite Mr. Ely approaching Deputies with hands up, unarmed, suffering from severe injuries, and obviously not posing a threat to anyone, Santa Barbara Sheriff's Deputies

**COMPLAINT FOR DAMAGES**

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

deliberately, purposefully, and without warning opened fire on Mr. Ely, striking him 24 times with bullets from several department issued firearms. Mr. Ely was then actively denied any medical assistance for at least thirteen minutes. Without just cause or legal justification, Deputies for the Santa Barbara Sheriff's Department killed Mr. Ely in contravention of his Fourth Amendment Right to be free from illegal searches and seizures, including having his life forcibly taken from him.

4.      The reprehensible conduct of the Santa Barbara Sheriff's Department Deputies was egregious, entirely unreasonable, and, accordingly, unconstitutional.

5.      This wrongful death action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and California state law, in connection with the unjustified use of deadly force and denial of medical care, resulting in the deaths of Decedents, Cameron Ely and Valerie Lundeen Ely.

## JURISDICTION AND VENUE

6.      This action arises under Title 42 of the United States Code, §§ 1983 and 1985. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the City of Santa Barbara, County of Santa Barbara, California, which is within the judicial district of this Court. This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. § 1367.

7.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

8.      Decedent CAMERON ELY (hereinafter "Decedent Cameron") was an individual residing in the State of California. Decedent Cameron died intestate.

PG. 3                                   Case No.
**COMPLAINT FOR DAMAGES**

Decedent Cameron did not file any legal actions related to this incident prior to his death. To the extent that this action seeks to recover damages for the violation of rights personal to Decedent Cameron, this action is maintained by his Successor-in-Interest Ron Ely, by and through Guardian Ad Litem Kirsten Ely. Said Plaintiff is the person with standing to bring this action as Decedent Cameron was unmarried at the time of his death.

9.     Decedent VALERIE LUNDEEN ELY (hereinafter "Decedent Valerie") was an individual residing in the State of California. Decedent Valerie did not file any legal actions related to this incident prior to her death. Decedent Valerie executed a will prior to her death leaving all possessions and assets to her husband, Plaintiff Ron Ely. To the extent that this action seeks to recover damages for the violation of rights personal to Decedent Valerie, this action is maintained by her Successors-in-Interest husband Ron Ely, by and through Guardian Ad Litem Kirsten Ely, and daughter Kaitland Ely-Sweet. Plaintiff Ron Ely was married to Decedent Valerie at the time of her death, is her living heir, and has standing to bring this action. Plaintiff Kaitland Ely-Sweet is the biological daughter of Decedent Valerie and has standing to bring the federal claims in this action.

10.    Plaintiff RON ELY (hereinafter "Plaintiff Ron"), by and through Guardian ad Litem Kirsten Ely, is and was at all times mentioned, the biological father of Decedent Cameron and husband to Decedent Valerie. Plaintiff sues in his individual capacity and as Successor-in-interest to both Decedent Cameron and Decedent Valerie.

11.    Plaintiff KAITLAND ELY-SWEET (hereinafter "Plaintiff Kaitland") is, and was at all times mentioned, the biological daughter of Decedent Valerie. Plaintiff sues in her individual capacity and as Successor-in-Interest to Decedent Valerie.

**COMPLAINT FOR DAMAGES**

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

12.     Defendant COUNTY OF SANTA BARBARA (hereinafter "County") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant County has possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting the operation of the Santa Barbara County Sheriff's Department and its tactics, methods, practices, customs, and usage. At all relevant times, Defendant County was the employer of DOES 1-50, Defendant Thome, Defendant Rogers, Defendant Farley, and Defendant Gruttaduario (hereinafter, collectively, "Defendant Deputies"), individually and as sheriff's deputies.

13.     Defendant DESIREE THOME (hereinafter "Defendant Thome") was a Sergeant for the Santa Barbara County Sheriff's Department. Defendant Thome is sued in her individual and official capacity.

14.     Defendant JEREMY ROGERS (hereinafter "Defendant Rogers") was a deputy for the Santa Barbara County Sheriff's Department. Defendant Rogers is sued in his individual and official capacity.

15.     Defendant PHILLIP FARLEY (hereinafter "Defendant Farley") was a deputy for the Santa Barbara County Sheriff's Department. Defendant Farley is sued in his individual and official capacity.

16.     Defendant JOHN GRUTTADUARIO (hereinafter "Defendant Gruttaduario") was a deputy for the Santa Barbara County Sheriff's Department. Defendant Rogers is sued in his individual and official capacity.

17.     Plaintiff is ignorant of the true names and capacities of those Defendants named herein as DOES 1 through 25, inclusive. Plaintiff will amend this Complaint to allege said Defendants true names and capacities when that information becomes known to Plaintiff. Plaintiff is informed and believes, and thereon alleges that DOES 1 through 25, inclusive, were employed as Sheriff's

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

Deputies by the County of Santa Barbara and are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, or willful misconduct, including the negligent, careless, deliberately indifferent, intentional, willful misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek to amend this Complaint to set forth said true names and identities of DOES 1 through 25, inclusive, when they have been ascertained.

18.    Plaintiff is ignorant of the true names and capacities of Defendants DOES 26 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named was employed by Defendant City at the time of the conduct alleged herein. Plaintiff alleges that each of Defendants DOES 26 through 50 were responsible for the training, supervision and/or conduct of the sheriff's deputies and/or agents involved in the conduct alleged herein. Plaintiff alleges that each of Defendants DOES 26 through 50 was also responsible for and caused the acts and injuries alleged herein. Plaintiff will amend this Complaint to state the names and capacities of DOES 26 through 50, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISTES

19.    Plaintiffs are required to comply with an administrative tort claim requirement under California law. Plaintiffs filed two claims, one for Decedent Cameron and one for Decedent Valerie, against the County of Santa Barbara by sending the prescribed form to Defendant County on April 9, 2020. Pursuant to California Government Code section 945.6(a)(2), there is a 45-day deadline for

**COMPLAINT FOR DAMAGES**

municipalities to respond to claims before they are deemed effectively rejected. Defendant County never responded to either of Plaintiffs claims, thus both were effectively rejected on May 24, 2020. Accordingly, Plaintiff has exhausted all administrative remedies pursuant to California Government Code Section 910.

## PRELIMINARY ALLEGATIONS

20.     Defendant County of Santa Barbara is a public entity and is being sued under Title 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendment of the United States Constitution, California State Law, the California Tort Claims Act, and the Government Code for the acts and omissions of Defendants DOES 1 through 50, and each of them, who at the time they caused Decedents' deaths and Decedents' and Plaintiffs' damages were duly appointed, qualified, and acting deputies, employees, and/or agents of Defendant County and acting within the course and scope of their employment and/or agency.

21.     Each of the Defendants caused and is responsible for the unlawful conduct and resulting harm by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct, by promulgating or failing to promulgate policies and procedures pursuant to which the unlawful conduct occurred, by failing and refusing to initiate and maintain proper and adequate policies, procedures and protocols, and by ratifying and condoning the unlawful conduct performed by agents and officers, deputies, medical providers and employees under their direction and control.

22.     Whenever and wherever reference is made in this Complaint to any act by Defendants DOES 1 through 50, such allegations and references shall also be deemed to mean the acts and failures to act of each DOE Defendant individually, jointly, or severally.

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

**COMPLAINT FOR DAMAGES**

**The Law Offices of John L. Burris**
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

## **FACTUAL ALLEGATIONS**

23.     On October 15, 2019 at, or around, 8:00 PM, Decedent Cameron Ely made a 911 call requesting emergency responders be dispatched to his family home at 4141 Mariposa Dr. in Hope Ranch, Santa Barbara, California because his mother, Decedent Valerie Ely, was attacking his father, Plaintiff Ron Ely. The call abruptly ended before dispatchers could ask additional questions.

24.     Dispatch attempted to reestablish contact with the caller, but Plaintiff Ron answered the phone instead. Plaintiff Ron was unable to clearly communicate with dispatchers at that time due to medical difficulties, though he did attempt to respond verbally multiple times. At this time, Plaintiff Ron was heard crying and expressing painful emotion. An unidentifiable female voice, presumed to be Decedent Valerie, was heard in the background of this call indicating Decedent Valerie was alive when the second call occurred.

25.     Santa Barbara Sheriff's Dispatch incorrectly aired to responding deputies that the caller had reported that his father was attacking his mother. They further aired that upon calling back they heard only heavy breathing and crying. Thereafter, Santa Barbara Sheriff's deputies alone were dispatched to the residence. Emergency medical personnel were not dispatched at this time.

26.     At or around 8:15 PM, Santa Barbara County Sheriff's Department Sergeant Desiree Thome, Deputy Jeremy Rogers, Deputy Phillip Farley, and Deputy John Gruttaduario, among others, arrived at 4141 Mariposa Dr. Upon entering the home, Defendant Deputies immediately found Decedent Valerie Ely laying on the floor of the dining room, suffering from multiple stab wounds.

**COMPLAINT FOR DAMAGES**

Defendant Deputies did not know, and failed to check, if Decedent Valerie was alive when they arrived.

27.     Decedent Valerie was obviously in need of immediate medical care but due to Santa Barbara Sheriff dispatch's oversight, medical personnel were not on the scene to provide this care. Once Santa Barbara Fire Department finally arrived on the scene, Defendant Deputies actively obstructed fire department medical personnel from entering the home to provide treatment to Decedent Valerie. Decedent Valerie was left on the floor without any medical treatment or care from either Santa Barbara Sheriff's Department deputies or Santa Barbara Fire Department medics for over 30 minutes. Decedent Valerie was pronounced deceased at 8:42 PM.

28.     After abandoning Decedent Valerie, Defendant Deputies began a search of the premises. Decedent Cameron Ely had not been contacted at this point.

29.     At or around 9:40 PM, over an hour and a half into the scene investigation, the Defendant Deputies were congregated in the driveway of the Ely home when Decedent Cameron was seen walking down the driveway from the backyard with his hands up. On the dashboard camera footage of the incident, Defendant Deputies are heard instructing Decedent Cameron to *keep* his hands up. Defendant Deputies did not ask any questions of Decedent Cameron nor did they announce that they were members of the Santa Barbara Sheriff's Department.

30.     As he approached, it became clear that Decedent Cameron was bleeding from his lower abdomen. Decedent Cameron was also suffering from a torn MCL and Meniscus at the time. Defendant Deputies would later ascertain that Decedent Cameron had been stabbed multiple times. On the dashboard recording, an unknown Deputy can be heard asked for gloves in anticipation of contacting Decedent Cameron as he was covered in blood.

**The Law Offices of John L. Burris**
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

**COMPLAINT FOR DAMAGES**

31.     Suddenly, and without any warning or legal justification, multiple Defendant Deputies opened fire on Decedent Cameron, striking him with a total of 24 times with bullets from several department issued weapons. Decedent Cameron immediately fell to the ground motionless. The shooting occurred less than 20 seconds after Defendant Deputies saw Decedent Cameron walk around the corner with his hands up, the universal act of surrender.

32.     Defendant Deputies negligently assessed the circumstances that existed prior to the shooting. Defendant Cameron was unarmed, nonviolent, and acting calmly during the entirety of the short encounter. Decedent Cameron did not make any aggressive movements or furtive gestures nor did he utter any threats that would suggest he was a danger to the Deputies or any other individuals in the area. In fact, the Defendant Deputies who shot Decedent Cameron were never faced with any circumstances which would have led a reasonable Sheriff's deputy to believe that Decedent Cameron posed a risk of death or serious bodily injury to anyone. Accordingly, there was no reason for Defendant Deputies to use any force, especially deadly force, against Decedent Cameron.

33.     Despite his obvious and urgent need for medical care after being shot 24 times, Defendant Deputies actively denied Decedent Cameron this care by created a wall using their ballistics shields that prevented Santa Barbara County Fire Department personnel from accessing him or even seeing him. Decedent Cameron was left to bleed out in the driveway for over thirteen minutes before medics were permitted to assess him.

34.     Defendant Deputies were not only deliberately indifferent in failing to timely summon emergency medical aid for the Decedents but actively worked to stop medical personnel from providing any medical care to them.

35.     By the time anyone was allowed to assess Decedent Cameron or Valerie, both had already succumbed to their injuries and died. Decedent Cameron

**COMPLAINT FOR DAMAGES**

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

died as a direct and proximal result of the gunshot wounds inflicted by Defendant Deputies and the failure to subsequently summon medical care. Decedent Valerie died as a proximal result of the Defendant Deputies deliberate indifference to her need for, and active denial of, medical care.

36.     The actions and omissions of the Defendant Deputies was without legal justification or other legal right, done under color of law, within the course and scope of their employment as law enforcement deputies and/or public officials, and pursuant to unconstitutional customs, policies and procedures of County and/or other jurisdictions.

37.     At some point and without the knowledge or consent of his family, unknown deputies transported Plaintiff Ron to a nearby hospital. After Deputies notified Plaintiff Kaitland and Guardian ad Litem Kirsten of the incident, both travelled to the hospital to be with their father. While there, two unknown detectives contacted Kirsten and Kaitland outside of the emergency room. The detectives told Kirsten and Kaitland that Plaintiff Ron had informed the deputies prior to the shooting that Decedent Cameron stabbed Decedent Valerie and fled in a car as justification for the Defendants use of deadly force. The detectives then informed Plaintiffs for the first time that their brother, Decedent Cameron, had died as a result of their use of force. However, the detectives claim regarding Plaintiff Ron was not a true statement, but a purposeful and/or grossly negligent misrepresentation for the purpose of concealing the Defendant Deputies errors and negligent pre-shooting tactics, because Plaintiff Ron was unable to clearly communicate due to medical difficulties at the time.

38.     Unknown detectives further informed both Kaitland and Kirsten that body cameras of the deputies involved in the encounter with Decedent Cameron had not captured any part of the encounter. The detectives said the body cameras were purposefully turned off to preserve the battery life of the recorders.

39.     Plaintiffs are informed and believe, and thereon allege that, DOES 26-50, inclusive, breached their duty of care to the public in that they have failed to discipline Defendant Deputies. Their failure to discipline Defendant Deputies, demonstrates the existence of an entrenched culture, policy, and/or practice of promoting, tolerating and/or ratifying with deliberate indifference the making of improper detentions and arrests, the use of excessive and/or deadly force, and the failure to treat the serious medical needs of Santa Barbara County citizens.

40.     Plaintiffs are informed and believe, and thereon allege, that members of the Santa Barbara Sheriff's Department, including but not limited to DOES 1-50, and/or each of them, have individually and/or while acting in concert with one another, engaged in a repeated pattern and practice of using excessive, arbitrary and/or unreasonable force against individuals, and failed to address or monitor Santa Barbara County citizens with serious medical needs, including but not limited to Decedent.

41.     Plaintiffs are informed and believe, and thereon allege that, the Santa Barbara Sheriff's Department knew, or had reason to know by way of actual or constructive notice, of the aforementioned policy, culture, pattern and/or practice, and the complained of conduct and resultant injuries/violations.

42.     At all material times, the actions and omissions of each Defendant were conscience-shocking, reckless, and deliberately indifferent to Decedent's and Plaintiffs' rights, and in the alternative, negligent and objectively unreasonable.

## **DAMAGES**

43.     As a consequence of Defendants' violation of Decedents' and Plaintiffs' federal civil rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments, Plaintiffs were mentally and emotionally injured and damaged as a proximate result of Decedent's wrongful death, including but not limited to:

**COMPLAINT FOR DAMAGES**

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

Plaintiffs' loss of familial relations, Decedent's society, comfort, protection, companionship, love, affection, solace, and moral support and financial support.

44.     Plaintiffs seek both survival and wrongful death damages, pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b), for the violation of both Decedent's and their rights. Additionally, Plaintiffs are entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. §§ 377.60 and 377.61 and loss of financial support.

45.     Plaintiffs are further entitled to recover damages incurred by Decedent before he died as a result of being deprived without due process of his right to life, and to any penalties or punitive damages to which Decedent would have been entitled to recover had he lived, including damages incurred by Decedent consisting of pain and suffering he endured as a result of the violation of his civil rights.

46.     Plaintiffs found it necessary to engage the services of private counsel to vindicate the rights of Decedent and Plaintiffs. Plaintiffs are therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing party in this action under 42 U.S.C. §§ 1983 and 1988. Plaintiff is also entitled to punitive damages under 42 U.S.C. §§ 1983 and 1988.

## FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983)
**(Survival Action: Violation of the 4th Amendment of the U.S. Constitution - Excessive Force)**
**(RON ELY, by and through Guardian ad Litem Kirsten Ely, as successor in interest to Cameron Ely against Defendants DESIREE THOME, JEREMY ROGERS, PHILLIP FARLEY, and JOHN GRUTTADUARIO, and DOES 1-25)**

47.     Plaintiffs hereby reallege and incorporate the allegations set forth in paragraphs 1 through 47 of this complaint.

**COMPLAINT FOR DAMAGES**

48.     The foregoing claim for relief arose in Decedent Cameron's favor and Decedent Cameron would have been the Plaintiff with respect to this claim if he had survived.

49.     42 U.S.C. § 1983 provides in part, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit at equity, or other proper proceeding for redress."

50.     Decedent Cameron had firmly established rights under the Fourth Amendment to be free from official infliction of physical abuse, assault, battery, unreasonable search and seizure, and to be free from excessive, including deadly, force being used against him.

51.     While acting in the performance of their official duties, Defendant Deputies used deadly force against Decedent Cameron, which was excessive and unreasonable under the circumstances. Decedent posed no threat to the Defendant Deputies when he was shot and killed, evidenced by the fact that his hands were up, he was not acting violently or erratically, was unarmed, and he did not make any furtive gestures.

52.     Defendants' unjustified shooting deprived Decedent Cameron of his right to be secure in his person against unreasonable searches and seizures, as guaranteed to Decedent Cameron under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment of the United States Constitution.

53.     As a result, Decedent Cameron suffered extreme pain and suffering, and eventually suffered a loss of life and the loss of earning capacity.

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

54.     Moreover, Plaintiffs have been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Decedent Cameron, and will continue to be so deprived for the remainder of their natural lives.

55.     Defendants' conduct alleged herein was willful, wanton, malicious, intentional, and deliberate, and was done with reckless disregard for the constitutionally protected rights, welfare, and safety of Decedent Cameron.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
**(42 U.S.C. § 1983)**
**(Survival Action: Denial of Medical Care)**
**(All Plaintiffs against Defendants DESIREE THOME, JEREMY ROGERS, PHILLIP FARLEY, and JOHN GRUTTADUARIO, and DOES 1-25)**

56.     Plaintiffs hereby reallege and incorporate the allegations set forth in paragraphs 1 through 56 of this complaint.

57.     The foregoing claim for relief arose in Decedent Cameron and Valerie's favor and Decedents would each have been the Plaintiffs with respect to their individual claims if they had survived.

58.     Defendant Deputies purposeful denial of medical care deprived Decedents of their right to be secure in their person against unreasonable searches and seizures as guaranteed to Decedents under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

59.     Defendant Deputies knew that failure to provide timely medical treatment to Decent Valerie could result in further significant injury or the unnecessary and wanton infliction of pain but disregarded that serious medical need, causing Decedent Valerie great bodily harm and eventually death.

60.     Likewise, Defendant Deputies knew that failure to provide timely medical treatment to Decedent Cameron could result in further exacerbation of the

injures they caused by illegally shooting Decedent Cameron 24 times and cause an unnecessary and wanton infliction of pain. Defendant Deputies disregarded Decedent for over thirteen minutes after shooting him, causing him great bodily harm and death.

61. As a result, Decedents suffered extreme pain and suffering and eventually suffered a loss of life and earning capacity.

62. In addition, Plaintiffs have been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of the Decedents, and will continue to be so deprived for the remainder of their natural lives.

63. The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedents.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(42 U.S.C. § 1983)**
**(Wrongful Death)**
**(All Plaintiffs against Defendants DESIREE THOME, JEREMY ROGERS, PHILLIP FARLEY, and JOHN GRUTTADUARIO, and DOES 1-25)**

64. Plaintiffs hereby reallege and incorporate the allegations set forth in paragraphs 1 through 64 of this complaint.

65. Defendant Deputies acted under the color of law when they shot and killed Decedent Cameron without legal justification. Defendant Deputies lacked sufficient probable cause to believe that Decedent Cameron was a threat when they subjected him to excessive deadly force.

66. Similarly, Defendant Deputies acted under the color of state law when they purposely denied medical care to Decedent Valerie, causing her to die without legal justification. Defendant Deputies had sufficient notice that Decedent Valerie required immediate medical attention as she was found suffering from multiple stab wounds but failed to do anything to fulfill their duty to render medical aid.

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

**COMPLAINT FOR DAMAGES**

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

67.     By their unconstitutional actions, Defendant Deputies have deprived Decedents Cameron and Valerie and Plaintiffs of their constitutionally protected rights, including, but not limited to:

a) The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

b) The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution;

c) The right to be free from the use of excessive force by police officers and Sheriff's deputies, which is guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

68.     Due to the deaths of both Decedents by the actions of Defendant Deputies, Plaintiffs have experienced extreme mental anguish, pain, grief, and the loss of the life-long companionship, affection, and love of their mother and brother, in addition to suffering monetary loses, including but not limited to, funeral costs, the lost earnings of both Decedents, and loss of financial support.

WHEREFORE, Plaintiffs pray for relief as herein set forth.

## FOURTH CAUSE OF ACTION
### (42 U.S.C. § 1983)
### (Violation of the 14th Amendment of the U.S. Constitution - Right to Familial Relationship)
### (ALL Plaintiffs against Defendants DESIREE THOME, JEREMY ROGERS, PHILLIP FARLEY, and JOHN GRUTTADUARIO, and DOES 1-25)

69.     Plaintiffs hereby reallege and incorporate the allegations set forth in paragraphs 1 through 69 of this complaint.

70.     Plaintiffs Ron Ely and Kaitland Ely-Sweet each had a cognizable interest under the Due Process clause of the Fourteenth Amendment to the United States Constitution to be free from state actions that deprive them of life, liberty, or

COMPLAINT FOR DAMAGES

property in such a manner as to shock the conscience, including, but limited to, unwarranted state interference in Plaintiffs' familial relationships with Decedents Cameron and Valerie.

71.   Decedent Cameron had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of his right to life, liberty, or property in such a manner as to shock the conscience.

72.   As a result of the excessive force inflicted and the medical dare denied by Defendants, Decedent Cameron died from his injuries. Plaintiffs were thereby deprived of their constitutional right of familial relationship with their son and brother, Decedent Cameron.

73.   Similarly, Decedent Valerie had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of her right to life, liberty, or property in such a manner as to shock the conscience.

74.   As a result of Defendants failure to summon and subsequent active denial of medical care, Decedent Valerie died from her injuries. Plaintiffs were thereby deprived of their constitutional right of familial relationship with their wife and mother, Decedent Valerie.

75.   Defendants, acting under color of state law, thus violated Plaintiffs' Fourteenth Amendment rights to be free from unwarranted interference with their familial relationship with Decedents Cameron and Valerie.

76.   The aforementioned actions of Defendants, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Decedents and Plaintiffs, and with purpose to inflict harm, unrelated to any legitimate law enforcement objective.

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

77.     Defendants, acting under color of state law, thus violated the constitutional rights of Decedents and Plaintiffs, to which they are guaranteed under the Fourteenth Amendment.

78.     As a direct and proximate cause of the acts of Defendants, Decedents experienced severe pain and suffering and lost his life and earning capacity. Plaintiffs have been injured in both mind and body, suffering extreme and severe mental anguish and pain. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of Decedents, and will continue to be so deprived for the remainder of their natural lives.

79.     As a result of Defendants' unlawful conduct, they are liable for Decedents' injuries, either because they were integral participants in the denial of due process, or because they failed to intervene to prevent these violations.

80.     The conduct of Defendants was willful, wanton, and malicious, and done with reckless disregard of the constitutionally protected rights, welfare and safety of Decedents and Plaintiffs.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION
### (42 U.S.C. § 1983)
**(Monell – Municipal Liability for Unconstitutional Custom or Policy)**
**(All Plaintiffs against Defendants COUNTY and DOES 26-50)**

81.     Plaintiffs hereby reallege and incorporate the allegations set forth in paragraphs 1 through 81 of this complaint.

82.     The foregoing claim for relief arose in Decedent Cameron and Valerie's favor and Decedents would have been the Plaintiffs with respect to this claim if they had survived.

83.     Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), Defendant County is liable for all injuries sustained by Plaintiffs as set forth herein. Defendant County bears

**COMPLAINT FOR DAMAGES**

liability because its policies, practices and/or customs were a cause of Decedent's death and Plaintiffs' injuries.

84.     On information and belief, Defendants' Thome, Rogers, Farley, Gruttaduario, and DOES 1-25 conduct, individually and as Sheriff's deputies, was ratified by Defendant City's Sheriff's Department's supervisorial officers, DOES 26-50.

85.     On information and belief, Defendant Deputies were not disciplined for their unjustified use of excessive and deadly force against Decedent Cameron nor their denial of medical care for Decedents Cameron and Valerie.

86.     Prior to, and continuing from, October 15, 2019, Defendant Deputies, individually and as Sheriff's deputies, deprived Plaintiffs and Decedents of the rights and liberties secured to them by the Fourth and Fourteenth Amendments of the United States Constitution in that said Defendants, and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Decedents, of Plaintiffs, and of persons in their class, situation, or comparable position in particular, knowingly maintained, enforced, and applied an official recognized custom, policy, and/or practice of:

   a) Employing and retaining as sheriff's deputies, detectives, and other personnel, including Defendants, individually and as peace officers, who at all material times knew or reasonably should have known, had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written Santa Barbara Sheriff's Department policies, including the use of excessive and deadly force, and respecting the protections afforded to citizens under the Fourth Amendment;

   b) Inadequately supervising, training, controlling, assigning, and disciplining County sheriff's deputies, detectives, and other personnel,

**COMPLAINT FOR DAMAGES**

**The Law Offices of John L. Burris**
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

including Defendants who County knew, or in the exercise of
reasonable care should have known, had the aforementioned
propensities and character traits, including the propensity for violence
and the use of excessive force;

c) Inadequately supervising, training, controlling, assigning, and
disciplining County sheriff's deputies, detectives, and other personnel,
including Defendants, in responding to individuals who were mentally
impaired or disabled;

d) Maintaining grossly inadequate procedures for reporting, supervising,
investigating, reviewing, disciplining and controlling the intentional
misconduct of Defendants who are sheriff's deputies, and/or detectives
for the county;

e) Failing to discipline County sheriff's deputies and/or detectives for
their misconduct, including but not limited to, unlawful seizures and
excessive and deadly force;

f) Ratifying the intentional misconduct of Defendants and other agents
who are sheriff's deputies, and/or detectives of the County;

g) Having and maintaining an unconstitutional policy, custom and
practice, of detaining and arresting individuals without probable cause
or reasonable articulable suspicion, and using excessive force,
including deadly force, demonstrated through inadequate training
regarding these subjects. The policies, customs and practices of
Defendants were done with deliberate indifference to individuals'
rights, safety and welfare; and

h) Failing to properly investigate claims of unlawful seizures and
excessive force by County sheriff's deputies, and/or detectives.

87.   By reason of the aforementioned policies and practices of Defendants,
individually and as Sheriff's deputies, Decedent sustained severe injuries, was

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

inflicted with pain and suffering, and ultimately, lost his life and earning capacity, for which Plaintiffs are entitled to recover damages.

88.     Defendants, individually and as peace officers, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge, as stated above, these Defendants condoned, tolerated, and through actions and inactions, ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Decedent, Plaintiffs, and other individuals similarly situated.

89.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants, individually and as Sheriff's deputies, acted with an intentional, reckless, and callous disregard for the life of Decedents. Moreover, Defendants' actions were willful, wanton, intentional, oppressive, malicious, fraudulent, extremely offensive and outright unconscionable, to any person of normal sensibilities.

90.     Furthermore, the policies, practices, and customs implemented, maintained, and tolerated by Defendants, individually and as Sheriff's deputies, were affirmatively linked to, and were the significantly influential force behind, the injuries inflicted upon and suffered by, Decedents and Plaintiffs.

91.     By reason of the aforementioned acts and omissions of Defendants, individually and as Sheriff's deputies, Plaintiffs were caused to incur funeral costs and related burial expenses, the loss of gifts and benefits, and the loss of financial support.

92.     Accordingly, Defendants, individually and as peace officers, each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION

COMPLAINT FOR DAMAGES

**(42 U.S.C. § 1985)**
**(Conspiracy to Violate Civil Rights)**
**(Plaintiff RON ELY, by Guardian ad Litem Kirsten Ely, as successor-in-interest to Decedent CAMERON ELY against Defendants DESIREE THOME, JEREMY ROGERS, PHILLIP FARLEY, and JOHN GRUTTADUARIO, and DOES 1-50)**

93.     Plaintiffs hereby reallege and incorporate the allegations set forth in paragraphs 1 through 93 of this complaint.

94.     Defendant Deputies above-described conduct constitute the tortious acts of excessive force and wrongful death against Decedent Cameron.

95.     Defendants, while working as deputies for the Santa Barbara Sheriff's Department, and acting within the course and scope of their duties, intentionally shot Decedent Cameron causing death. Defendants had no probable cause or justification for believing that Mr. Cameron posed a threat to anyone, including Defendant Deputies. Decedent Cameron had his hands in the air in an act of surrender as he approached the Defendant Deputies, was not yelling at or threatening anyone, and was unarmed when he was shot. Yet, none of the many members of the Santa Barbara Sheriff's Department intervened in the several Defendant Deputies unconstitutional use of deadly force against Decedent Cameron. In fact, when one of the Defendant Deputies started illegally discharging their weapon into Decedent Cameron, the others joined in the frenzy.

96.     Thereafter, and in furtherance of said conspiracy, two DOE Defendants made purposeful and grossly negligent misrepresentations to Plaintiffs Kirsten and Kaitland, telling them that Defendant Deputies had probable cause to believe that Decedent Cameron had acted violently towards Decedent Valerie and may still be armed. Defendant Deputies concocted this story after the shooting as a justification for their illegal and unjustified use of deadly force that caused the death of Decedent Cameron. The DOE Defendants relayed this information to Plaintiffs immediately before informing Plaintiffs that their brother had died as a result of

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

**COMPLAINT FOR DAMAGES**

Defendant Deputies actions in order to shield the Defendant Deputies from liability and further the conspiracy.

97. Moreover, the Defendant Deputies body cameras were purposely turned off, they claimed, to conserve battery life. The purposeful actions of Defendant Deputies furthered the conspiracy by ensuring that the Defendant Deputies violation of Decedents' rights would remain unseen.

98. Defendant Deputies actions were deliberate, jointly orchestrated, and in furtherance of the conspiracy to violate Decedent Cameron's and Plaintiffs' constitutional rights.

99. As a result of the actions of Defendant Deputies, Plaintiff suffered severe pain, discomfort, severe and extreme emotional distress, fear, terror, anxiety humiliation, and loss of sense of security, dignity, and pride as a United States Citizen. Defendant Deputies had no legal justification for their conspiratorial conduct towards Decedent Cameron and Plaintiffs, and their use of force while acting under color of state law was an unreasonable and unprivileged act.

100. Defendants had knowledge of the wrongs conspired to be done and committed and had the power to prevent and/or aid in preventing the commission of the Defendants' unconstitutional conduct. Not one of the Defendants attempted to prevent and/or intervene to stop the violation of Decedents' and Plaintiffs' civil rights.

101. Plaintiff brings this action for the civil rights violations complained herein, and seeks compensatory damages, punitive damages, and attorney's fees, as recoverable pursuant to 42 U.S.C. § 1983.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**
**(C.C.P. § 377.60 and 377.61)**
**(Wrongful Death – Negligence)**
**(ALL Plaintiffs against Defendants DESIREE THOME, JEREMY ROGERS, PHILLIP FARLEY, and JOHN GRUTTADUARIO, and DOES 1-25)**

**The Law Offices of John L. Burris**
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

**COMPLAINT FOR DAMAGES**

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

102.    Plaintiffs hereby reallege and incorporate the allegations set forth in paragraphs 1 through 101 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by Defendants, and any and all allegations requesting punitive damages.

103.    Decedent Cameron died intestate, unmarried, and without issue, thus Plaintiff Ron is the proper person to sue for wrongful death under California state law.

104.    Decedent Valerie died without issue and was married to Plaintiff Ron, to whom she willed her estate, and mother to Plaintiff Kaitland, thus they are the proper persons to sue for her wrongful death under California state law.

105.    Defendants Deputies' negligent actions, i.e. the illegal and excessive deadly force used against Decedent Cameron, and negligent omissions, i.e. the failure to summon or provide medical care to either Decedent, occurred during the course and scope of their employment as deputies of Defendant County. These actions and omissions, as forth in the allegations of this Complaint, directly and proximally caused the death of Decedent Cameron and proximally caused the death of Decedent Valerie.

106.    As an actual and proximate consequence of Defendant Deputies, negligence, Plaintiffs have sustained pecuniary losses, in an amount according to proof at trial, in addition to the loss of comfort, society, attention, services, and support of Decedents, their mother and brother/son.

107.    As a further consequence of Defendant Deputies negligence, Plaintiffs have incurred funeral and burial expenses, in an amount according to proof at trial.

108.    Pursuant to sections 377.60 and 377.61 of the California Code of Civil Procedure, Plaintiffs have brought this civil rights action, and claim damages from said Defendants, for the wrongful death of Decedent, and the resulting injuries and damages.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION
### (Violation of California Civil Code §52.1)
### (Plaintiff RON ELY, by Guardian ad Litem Kirsten Ely, as successor-in-interest to Decedent CAMERON ELY against Defendants DESIREE THOME, JEREMY ROGERS, PHILLIP FARLEY, and JOHN GRUTTADUARIO, and DOES 1-25)

109.   Plaintiffs hereby reallege and incorporate the allegations set forth in paragraphs 1 through 108 of this complaint.

110.   Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with the Decedent Cameron's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

111.   As a direct and proximate results of Defendants' violation of Civil Code § 52.1, Decedent suffered violations of his constitutional rights and suffered damages as set forth herein.

112.   Plaintiffs are entitled to injunctive relief and an award of their reasonable attorney's fees pursuant to Civil Code § 52.1(h).

113.   Plaintiffs are entitled to treble damages, but in no case less than $4,000.00 and an award of their reasonable attorney's fees pursuant to Civil Code § 52(a).

114.   Under the provisions of California Civil Code §52(b), Defendant is liable for punitive damages for each violation of Civil Code §52.1, reasonable attorney's fees and an additional $25,000.00.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## NINTH CAUSE OF ACTION
### (Survival Action: Assault/Battery)
### (Plaintiff RON ELY, by Guardian ad Litem Kirsten Ely, as successor-in-interest to Decedent CAMERON ELY against Defendants COUNTY,

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

**DESIREE THOME, JEREMY ROGERS, PHILLIP FARLEY, and JOHN GRUTTADUARIO, and DOES 1-50)**

115. Plaintiffs hereby reallege and incorporate the allegations set forth in paragraphs 1 through 114 of this complaint.

116. The foregoing claim for relief arose in Decedent Cameron's favor and Decedent Cameron would have been the Plaintiff with respect to this claim if he had survived.

117. Defendant Deputies egregiously and unjustifiably shot Decedent Cameron without cause or provocation. Defendant Deputies conduct was neither privileged nor justified under any statute, common-law, or policy.

118. The present action is brought pursuant to sections 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, Defendant Deputies, including DOES 1-25, are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants Deputies were acting within the course and scope of their employment and/or agency with Defendant County. As such, Defendant County is liable in respondeat superior for the injuries caused by the acts and omissions of Defendant Deputies, including DOES 1-25, pursuant to section 815.2 of the California Government Code.

119. Defendants' conduct caused Decedent Cameron to experience severe pain and suffering, and the loss of life and earning capacity.

120. Consequently, Plaintiffs have suffered the loss of life-long love, companionship, affection, comfort, support, society, care, and sustenance of Decedent, and will continue to be so deprived for the remainder of their natural lives, and further damages according to proof at the time of trial.

121. The conduct alleged herein was willful, malicious, intentional, deliberate, and done with reckless disregard of Decedent's and Plaintiffs' constitutionally protected rights, welfare, and safety.

**COMPLAINT FOR DAMAGES**

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## TENTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)
### (Plaintiff RON ELY, by Guardian ad Litem Kirsten Ely, as successor-in-interest to Decedent CAMERON ELY against Defendants DESIREE THOME, JEREMY ROGERS, PHILLIP FARLEY, and JOHN GRUTTADUARIO, and DOES 1-25)

122.    Plaintiffs hereby reallege and incorporate the allegations set forth in paragraphs 1 through 121 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by Defendants, and any and all allegations requesting punitive damages.

123.    Defendants' conduct as described herein was negligent.

124.    Decedent Cameron and Plaintiffs suffered severe emotional distress when Defendant Deputies unjustifiably shot Decedent Cameron and denied him medical attention.

125.    The present action is brought pursuant to sections 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, DOES 1-25 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants DOES 1-25 were acting within the course and scope of their employment and/or agency with Defendant County. As such, Defendant County is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants DOES 1-25, pursuant to section 815.2 of the California Government Code.

126.    Defendants' negligence as described herein was a substantial factor in causing Decent Cameron's and Plaintiff Ron's severe emotional distress.

127.    Defendants conduct caused Decedent and Plaintiff to suffer physical injuries, emotional distress, anguish, fright, horror, grief, anxiety, worry, shock,

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

**COMPLAINT FOR DAMAGES**

pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### ELEVENTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress)**
**(Plaintiff RON ELY, by Guardian ad Litem Kirsten Ely, as successor-in-interest to Decedent CAMERON ELY against Defendants DESIREE THOME, JEREMY ROGERS, PHILLIP FARLEY, and JOHN GRUTTADUARIO, and DOES 1-25)**

128.    Plaintiffs hereby reallege and incorporate the allegations set forth in paragraphs 1 through 121 of this complaint.

129.    Defendants' conduct as described herein was outrageous.

130.    Defendants intended to cause Plaintiffs emotional distress.

131.    Defendants acted with reckless disregard of the probability that Plaintiffs would suffer emotional distress.

132.    Plaintiffs suffered severe emotional distress from Defendants' conduct.

133.    The present action is brought pursuant to sections 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, DOES 1-25 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants DOES 1-25 were acting within the course and scope of their employment and/or agency with Defendant County. As such, Defendant County is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants DOES 1-25, pursuant to section 815.2 of the California Government Code.

134.    Defendants' conduct as described herein was a substantial factor in causing Plaintiffs' severe emotional distress.

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

**COMPLAINT FOR DAMAGES**

**The Law Offices of John L. Burris**
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

135.   Defendants conduct caused Plaintiffs to suffer physical injuries, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

136.   The conduct alleged herein was done in a willful, intentional, deliberate, or reckless disregard of Plaintiffs' constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## TWELFTH CAUSE OF ACTION
### (Negligence)
**(Plaintiff RON ELY, by Guardian ad Litem Kirsten Ely, as successor-in-interest to Decedent CAMERON ELY against Defendants DESIREE THOME, JEREMY ROGERS, PHILLIP FARLEY, and JOHN GRUTTADUARIO, and DOES 1-25)**

137.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 130 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

138.   The present action is brought pursuant to sections 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, DOES 1-25 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants DOES 1-25 were acting within the course and scope of their employment and/or agency with Defendant County. As such, Defendant County is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants DOES 1-25, pursuant to section 815.2 of the California Government Code.

139.   Defendant County and Deputies, as public employees, are liable for negligent pre-arrest tactics that precede the use of deadly force. Discharging a department issued firearms into a person is de facto deadly force.

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

140.    Defendant Deputies acted negligently in their pre-arrest tactics preceding the use of deadly force against Decedent Cameron when they failed to perform a reasonable evaluation of the circumstances prior to discharging their weapons. Defendants had no credible information that Decedent was armed or had committed any crimes. Decedent Cameron was unarmed and his hands were up in the universal act of surrender as he slowly walked around the corner of his home. Decedent Cameron was bleeding and in obvious need of medical care. Decedent Cameron did not make any furtive gestures, threatening statements, or aggressive actions. Decedent was merely walking down the driveway of his home with hands in the air when he was suddenly shot 24 times by Defendant Deputies.

141.    Defendants were further negligent in failing to warn before their use of deadly force as their training requires. On a recording of the incident from a Sheriff's Department patrol car dashboard camera, a DOE Defendant states that someone is coming down the driveway, then asks for gloves. A few moments later the frenzied gunfire begins. Deputies failed to announce that they were law enforcement deputies, did not give any instructions other than for Decedent Cameron to keep his hands up, and failed to give any warning before the firing squad took action.

142.    Moreover, Defendants can be liable for negligence related to the duty of emergency personnel to render medical aid.

143.    Defendants were negligent in failing to summon medical aid for Decedent Valerie. The original 911 call was for a potential domestic attack. Deputies knew, or should have know, that medical care would be needed. However, dispatch failed to timely summon medical personnel to the scene.

144.    Furthermore, once Defendant Deputies arrived on the scene it was clear that Decent Valerie was in desperate need of medical care. The Defendant Deputies not only failed to timely summon medical aid, but actively blocked fire

**COMPLAINT FOR DAMAGES**

**The Law Offices of John L. Burris**
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

department personnel from entering the home once they arrived on the scene. Defendants negligence was a proximal cause of Decedent Valerie's death.

145.   Similarly, Defendants were negligent in failing to summon medical aid for Decedent Cameron. Defendants had a duty to render medical aid. Defendants breached this duty in failing to allow medical personnel access to Decedent Cameron's body for over thirteen minutes. By the time medics were given access, Decedent Cameron had succumbed to his injuries. Defendants negligence was a proximal cause of Decedent Cameron's death, the direct cause being the illegal, unjustified, and, in the alternative, negligent shooting of Decedent Cameron by these same Defendant Deputies.

146.   Finally, Defendant Deputies are liable for negligently failing to intervene when fellow deputies violate the constitutional rights of another.

147.   Defendant Deputies were negligent in failing to intervene as Decedents Fourth and Fourteenth Amendment rights were violated by the illegal and unjustified shooting of Decedent Cameron. It was clear that the use of force was excessive and would likely cause the death of Decedent Cameron, yet none of the Defendant Deputies intervened in anyway during the entirety of the encounter.

148.   In addition, Defendant Deputies were negligent in failing to intervene when unknown DOE Defendants blocked medics from tending to Decedent Valerie. It was clear that Decedent Valerie needed emergency medical aid, yet none of the Defendant Deputies intervened in anyway.

149.   Both Decedents and Plaintiffs were harmed physically, mentally, emotionally, and financially and Defendants negligence was a direct and substantial factor in causing this harm.

150.   Plaintiffs suffered, and will continue to suffer, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth

## **JURY DEMAND**

151.   Plaintiffs hereby demand a jury trial in this action.

## **PRAYER**

Wherefore, Plaintiffs pray for relief, as follows:

1.   Compensatory damages in a sum according to proof;

2.   For general damages in a sum according to proof;

3.   For special damages in a sum according to proof;

4.   For punitive damages in a sum according to proof, as to the Defendant Deputies, including DOES 1-25;

5.   For reasonable attorneys' fees pursuant to 42 U.S.C. Section 1988;

6.   For any and all statutory damages allowed by law;

7.   For cost of suit herein incurred; and

8.   For such other and further relief as the Court deems just and proper.


Dated:  June 30, 2020        **THE LAW OFFICES OF JOHN L. BURRIS**

_____/s/ *DeWitt M. Lacy*_____
DeWitt M. Lacy
Attorney(s) for Plaintiff

**COMPLAINT FOR DAMAGES**

**The Law Offices of John L. Burris**
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212